# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **AKOLOUTHEO, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**CLEARBLADE, INC.,**<br><br>Defendant. | **CIVIL ACTION NO.: 6:20-cv-1004**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

1. This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which Akoloutheo, LLC ("Akoloutheo" or "Plaintiff"), makes the following allegations against ClearBlade, Inc. ("ClearBlade" or "Defendant").

## PARTIES

2. Akoloutheo is a Texas limited liability company, having its primary office at 15139 Woodbluff Dr., Frisco, Texas 75035. Plaintiff's owner and sole operator is Rochelle T. Burns.

3. ClearBlade is a Delaware company operating in Texas, having a principal place of business at 807 West Ave., Austin, TX 78701. ClearBlade's primary place of business is within the Western District of Texas. Defendant's Registered Agent for service of process in Texas is Eric M. Simone, 103 E. 5th Street, Suite 203, Austin, TX 78701.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. Defendant has a regular and established place of business in this Judicial District, and Defendant has also committed acts of patent infringement in this Judicial District.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

7. Defendant has an established place of business – specifically, Defendant's primary office at 807 West Ave, Austin, TX – located within the Western District of Texas:



8. Defendant has infringed, and does infringe, by transacting and conducting business within the Western District of Texas.

9. Defendant's offices in Austin, Texas are a regular and established place of business in this Judicial District, and Defendant has committed acts of infringement (as described in detail, hereinafter) within this District. Venue is therefore proper in this District under 28 U.S.C. § 1400(b).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,426,730

10. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,426,730 ("the '730 Patent") entitled "Method and System for Generalized and Adaptive Transaction Processing Between Uniform Information Services and Applications" – including all rights to recover for past, present and future acts of infringement. The '730 Patent

issued on September 16, 2008, and has a priority date of April 19, 2001.  A true and correct copy of the '730 Patent is attached as Exhibit A.

11. Defendant directly – and through intermediaries including distributors, partners, contractors, employees, divisions, branches, subsidiaries, or parents – made, had made, used, operated, imported, provided, supplied, distributed, offered for sale, sold, and/or provided access to software systems, software as a service (SaaS), and/or platform as a service (PaaS) (collectively, "Software") for accessing, organizing, analyzing, storing, and managing data across multiple networked resources.

12. Defendant's infringing instrumentalities include – but are not limited to – the Defendant's ClearBlade Edge Platform and ClearBlade IoT Platform systems. The infringing instrumentalities are collectively referred to hereinafter as the "ClearBlade Systems."

13. ClearBlade Systems are cloud-based – and thereby server-based – technology, operatively coupled to a plurality of private cloud and public cloud networked systems and devices ("networked resources").

14. ClearBlade Systems ingest, process, analyze and perform actions on information and data from networked resources.

15. ClearBlade Systems interoperate with networked resrouces using adapters webhooks, database connectors, and API integrations.

16. ClearBlade Systems provide a user interface "console" to access networked resources.

17. ClearBlade Systems provide a user with functions to visualize and analyze data from any device or sensor.

18. ClearBlade Systems maintain and update details concerning connections and metadata of networked resources, and maintains a schema for all connected data assets.

19. ClearBlade Systems maintain and provide a list of the systems connected to the platform.

20. ClearBlade Systems can modify or initiate information retrieval from the networked resources via commands and/or queries initiated by a user.

21. Plaintiff herein restates and incorporates by reference paragraphs 11 – 20, above.

22. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within ClearBlade Systems.

23. ClearBlade Systems comprise a networked computer system that provides a resultant resource responsive to a transaction request.

24. ClearBlade Systems comprise transaction processing constructs.

25. ClearBlade Systems comprise a plurality of networked resources communicatively coupled to provide specific resources responsive to a transaction processed by ClearBlade Systems.

26. ClearBlade Systems maintain a registry of networked resources and resource characteristics for use in responding to transactions requests.

27. ClearBlade Systems process a transaction request utilizing contextual elements related to the request.

28. ClearBlade Systems select one or more data resources, and performs one or more operations on those data resources to satisfy the transaction request.

29. ClearBlade Systems generate a resultant resource responsive to the transaction request, and deliver that resultant resource to the user, via a user interface.

30. ClearBlade Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent.

31. ClearBlade Systems literally and directly infringe – at least – claims 1, 15, and 17 of the '730 Patent.

32. ClearBlade Systems perform or comprise all required elements of – at least – claims 1, 15, and 17 of the '730 Patent.

33. In the alternative, ClearBlade Systems infringe – at least – claims 1, 15, and 17 of the '730 Patent under the doctrine of equivalents. ClearBlade Systems perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1, 15, and 17 of the '730 Patent. Any differences between the ClearBlade Systems and the claims of the '730 Patent are insubstantial.

34. All recited elements of – at least – claims 1, 15, and 17 of the '730 Patent are present within, or performed by, ClearBlade Systems and are therefore attributable to Defendant.

35. ClearBlade Systems, when used and/or operated in their intended manner, or as designed, infringe – at least – claims 1, 15, and 17 of the '730 Patent, and Defendant is therefore liable for infringement of the '730 Patent.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed the '730 Patent;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '730 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '730 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendant's prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f. Any and all other relief to which Plaintiff may show itself to be entitled.

October 29, 2020                                    Respectfully Submitted,

By:  /s/ *Ronald W. Burns*

Ronald W. Burns (*Lead Counsel*)
Texas State Bar No. 24031903
RWBurns & Co., PLLC
5999 Custer Road, Suite 110-507
Frisco, Texas 75035
972-632-9009
rburns@burnsiplaw.com

**ATTORNEY FOR PLAINTIFF
AKOLOUTHEO, LLC**